```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Criminal Case No. DKC 10-0051<br>  Civil Action No. DKC 16-1872 |
| TOUMANI THOMAS | : |

**MEMORANDUM OPINION**

On February 17, 2010, Toumani Thomas ("Mr. Thomas" or "Petitioner") was charged in a three-count Criminal Information with one count of attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count One); one count of possession and discharge of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count Three).  (ECF No. 1).  On May 20, 2010, Mr. Thomas pled guilty to Counts One and Two.  (ECF Nos. 17 & 19).  The § 924(c) charge in Count Two was predicated on attempted Hobbs Act robbery, as charged in Count One.  (ECF No. 19, at 1).  Mr. Thomas was sentenced to a total of 183 months of imprisonment: 63 months' imprisonment as to Count One and 120 months' imprisonment as to Count Two, to run consecutively.  (ECF No. 26, at 2).  Count Three was dismissed on the motion of the government.  (*Id.*, at 1).

Mr. Thomas, through the Office of the Federal Public Defender, filed a motion to vacate conviction on June 3, 2016 (ECF No. 29) and a corrected motion to vacate conviction on June 13, 2016.  (ECF No. 30).  Mr. Thomas seeks vacatur of his § 924(c) conviction.  Pursuant to 18 U.S.C. § 924(c), an additional term of incarceration may be imposed upon "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm."  The "crime of violence" underlying Mr. Thomas' § 924(c) charge was attempted Hobbes Act robbery.  (ECF No. 19, at 1).  Mr. Thomas correctly argues in his motion (ECF No. 30) and supplements (ECF Nos. 32,33[1],44,58) that this offense no longer qualifies as a crime of violence in light of the recent opinion of the United States Supreme Court in *United States v. Davis*, 139 S. Ct. 2319 (2019), and the recent opinion of the United States Court of Appeals for the Fourth Circuit in *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020).  The Fourth Circuit held squarely in *Taylor* that attempted Hobbs Act robbery is no longer a "crime of violence" under 18 U.S.C. § 924(c).  As the government acknowledges,[2] *Taylor*

---

[1] This supplement was also filed with a motion for leave to supplement, which will be granted.

[2] Despite acknowledging that *Taylor* is controlling precedent, the government nonetheless opposes granting relief in this case because it does not concede that *Taylor* was decided correctly and asserts that it is likely the Solicitor General's Office will

2

is controlling precedent for this court.  Accordingly, Mr. Thomas is entitled to have his § 924(c) conviction vacated.

Ordinarily, the vacating of this conviction would prompt a resentencing on the remaining count.  During the pendency of Petitioner's motion to vacate, however, he also moved for, and was granted, compassionate release pursuant to 18 U.S.C. § 3582.  (ECF Nos. 36 & 55).  On December 18, 2020, his sentence was reduced to 160 months, consisting of 63 months on Count One, with a consecutive sentence of 97 months on Count Two.  Petitioner's previously imposed conditions of supervised release remain unchanged.  (ECF No. 55).  He also has, and may be serving now, a consecutive 24-month sentence imposed in the United States District Court for the District of Columbia.  He has a projected release of October 16, 2021.  Accordingly, the question arises as to the appropriate scope of any resentencing or amended judgment.

Thus, while the Motion to Vacate (ECF No. 30) and Motion to Supplement (ECF No. 33) will be granted, the parties will be directed to file supplemental memoranda addressing Petitioner's requested relief in light of the court's previous order granting compassionate release.

/s/
DEBORAH K. CHASANOW
United States District Judge

---

petition for writ of certiorari challenging the decision.  (ECF No. 56, at 3, 7.)